[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ALIMONY AND SUPPORT PENDENTE LITE
The plaintiff has moved for alimony and support pendente lite. She is employed at Hall-Brooke Foundation as a nurse and earns $606.22 per week net. The defendant is employed as a financial officer at Kennedy Center and earns $688.00 per week net.
Based upon the court's computation, the defendant is overwithholding federal income tax. The court computes the defendant's weekly net income for computation of child support to be $744.00 rather than $688.00 as shown in his financial affidavit.
The plaintiff's motion is filed pursuant to the provisions of 46b-83 of the General Statutes. The court has considered the factors of 46b-82 and 46b-84 together with the child support guidelines in making its orders on the plaintiff's motion. The court enters the following orders pendent lite:
1. The parties shall be equally responsible for the payment of the mortgage, real property taxes, fire taxes, sewer assessment and homeowners insurance on the property at 11 Fairway Green, Fairfield, Connecticut.
2. The defendant shall pay the automobile insurance on both automobiles. CT Page 6663
3. The defendant shall maintain such hospital, medical and dental insurance as he has at the present time for the benefit of the plaintiff and the minor children.
4. The plaintiff shall have the benefit of the provisions of 46b-84 (c) of the General Statutes.
5. The parties shall share equally all uninsured or unreimbursed medical or dental expenses incurred for the minor children.
6. The defendant shall be responsible for the following utilities to July 19, 1991: Southern Connecticut Gas Company, Southern New England Telephone Company, United Illuminating Company and trash removal. Thereafter the plaintiff shall be responsible for such utilities.
7. The defendant shall pay to the plaintiff by way of support for the minor children $260.00 per week commencing July 19, 1991. The court orders a contingent order for wage withholding to secure the orders for support.
8. The defendant shall keep current the following liabilities: Amex, NBD Delaware Bank, MBNA Visa, Society for Savings, Gateway Bank, computer loan and anticipated 1990 federal income tax deficiency in the approximate amount of $700.00.
9. The parties shall pay equally the outstanding mortgage payments.
10. The plaintiff shall keep current the following liabilities: Steinbachs, Jordan Marsh, MBNA Mastercard and ATT Mastercard.
11. The defendant shall make those payments necessary to keep current the outstanding doctor and orthodonture bills.
12. The plaintiff shall make those payments necessary to keep current her outstanding dentist bill of $1,000.00.
13. Upon the agreement of the parties, the defendant may remove from the family home the following items of personal property: his clothes, the television set given to him by his father, one extra bed, golf clubs, the pull-out couch in the garage, his desk, a set of sheets, towels, and such tools as the parties shall agree.
The court recognizes that there is a dispute between the parties on the division of other tangible personal property, CT Page 6664 i.e., the computer. The motion before the court is a pendente lite motion pursuant to the provisions of 46b-83 of the General Statutes. The division of property will take place upon the court's decision at the time of final hearing, such division to take place pursuant to the provisions of 46b-81 of the General Statutes.
At the commencement of this proceeding the parties reported they had agreed that neither party shall remove the children from the State of Connecticut until further order of the court. The court did not, at at that time, enter an order on that agreement of the parties. The court does so at this time.
EDGAR W. BASSICK, III, JUDGE